Filed 6/26/24  P. v. Byrd CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LEONARD BYRD,<br><br>        Defendant and Appellant. | A169474<br><br><br>(Solano County Super. Ct. No. FCR247165) |

Leonard Byrd appeals after the trial court resentenced him pursuant to Penal Code section 1172.75.[1]  His appointed counsel on appeal filed a brief raising no issues, but seeking our independent review of the record, citing *People v. Wende* (1979) 25 Cal.3d 436.  *Wende* does not apply to a defendant's appeal from the denial of postconviction relief.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222, 226-227, 231 (*Delgadillo*).)  However, we have exercised our discretion to independently review the record (*id.* at p. 232), and we affirm.

### BACKGROUND

### A.

Before January 1, 2020, section 667.5, former subdivision (b), required trial courts to impose a one-year sentence

---

[1] All undesignated statutory references are to the Penal Code.

enhancement for each true finding on an allegation the defendant had served a prior prison term and not remained free of custody for at least five years.  (§ 667.5, former subd. (b), as amended by Stats. 2018, ch. 423, § 65; *People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)  Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5 by limiting the enhancement to only prior prison terms served for sexually violent offenses.  (Stats. 2019, ch. 590, § 1; *Burgess,* at pp. 379-380.)

As a result of later legislation, section 1172.75 now invalidates all other prior prison term enhancements—imposed under section 667.5, former subdivision (b), before January 1, 2020 (§ 1172.75, subd. (a))—and provides a mechanism for courts to resentence defendants serving terms which include such enhancements.  (*Id.,* subds. (b)-(d); *People v. Carter* (2023) 97 Cal.App.5th 960, 966; *Burgess, supra,* 86 Cal.App.5th at p. 380.)  In doing so, courts "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

## B.

In 2007, Byrd was serving a prison term at the California Medical Facility, in Vacaville.  When he was scheduled to attend a vocational class, Byrd entered the office next door to the classroom—where a staff member was working.  When asked why he was there, Byrd falsely stated that he had been sent by the ward lieutenant and produced a stamped work card.  The staff member pulled up a chair and motioned for Byrd to have a seat to start working.  Byrd then went behind her, grabbed her

2

around the throat with his right arm, and choked her. He only released her when the staff member pushed her personal alarm.

In exchange for dismissal of two other charged counts and imposition of the low term (doubled), Byrd pled no contest to battery of a non-confined person by a prisoner (§ 4501.5) and admitted this was a serious felony (§ 1192.7, subd. (c)(1)). He also admitted serving three prior prison terms (§ 667.5, former subd. (b)) and that he had suffered two prior serious felony convictions (§ 667, subd. (a)(1)) and a strike prior (§ 667, subds. (b)—(i)). The parties stipulated to a 17-year aggregate sentence under the plea agreement, calculated as follows: the low term of two years, doubled to four years due to Byrd's strike prior; a consecutive five-year term for each of the prior serious felony conviction enhancements (§ 667, subd. (a)(1)); and three consecutive terms of one year for the three prior prison term enhancements (§ 667.5, former subd. (b)). In 2007, the trial court accepted and imposed the stipulated sentence (consecutive to an indeterminate life term Byrd was already serving for a separate offense).

In 2022, the trial court received notice from the California Department of Corrections and Rehabilitation that Byrd qualified for relief under former section 1171.1, which is now section 1172.75. (Stats. 2021, ch. 728, §§ 1, 3; Renumbered by Stats. 2022, ch. 58, § 12.) The court appointed counsel to represent Byrd and defense counsel filed a "Petition to Resentence and Strike Legally Invalid Enhancements," pursuant to section 1172.75. In a supplemental brief, Byrd argued that a full resentencing was required. He asked the court to strike not only his prior prison term enhancements (§ 667.5, former subd. (b)), but also the two five-year prior serious felony conviction enhancements (§ 667, subd. (a)(1)) pursuant to section 1385. He also asked that his sentence be imposed concurrent to the life sentence he was already serving.

The People conceded that, even though his sentence was originally stipulated as part of a plea bargain, Byrd was entitled to a full resentencing and that the court had discretion to strike the five-year prior serious felony enhancements. (§§ 1172.75, subds. (c), (d), 1385; *People v. Carter, supra*, 97 Cal.App.5th at pp. 964, 977; *People v. Monroe, supra,* 85 Cal.App.5th at pp. 398-400.) But the People argued that a consecutive sentence remained mandatory under section 4501.5 and that dismissal of the two five-year enhancements was not in the interests of justice and would endanger public safety.

The trial court recalled the sentence and resentenced Byrd. Pursuant to section 1172.75, it struck the three one-year enhancements imposed under section 667.5, former subdivision (b). The court acknowledged that it had discretion to strike the prior serious felony enhancements. However, based on its findings that doing so would endanger public safety and conflict with the interests of justice, the court left the remainder of Byrd's sentence intact, and sentenced him to 14 years in state prison. As mandated by section 4501.5, the sentence was imposed consecutively to the term Byrd was already serving.

## DISCUSSION

Byrd was advised by his appellate counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. But after more than 30 days, we have received no letter or brief from Byrd. Because the instant appeal is from an order denying postjudgment relief rather than a first appeal as of right from a criminal conviction, we are not required to undertake an independent review of the record in search of arguable issues. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.) Nonetheless, because Byrd's counsel failed to mention *Delgadillo,* or that Byrd could abandon his appeal by failing to file a supplemental brief (*id*. at p. 233), we have conducted a discretionary independent review of the record. (*Id*. at pp. 226,

4

232.)  After independently reviewing the record, we conclude there are no arguable errors that would result in a disposition more favorable to Byrd.

## DISPOSITION

The trial court's resentencing order, dated December 20, 2023, is affirmed.

BURNS, J.

WE CONCUR:


SIMONS, ACTING P. J.
CHOU, J.

*P. v. Byrd (A169474)*